UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QWINNTAVUS KWAME JORDAN,

    Petitioner,

v.

                                            Case No. 3:24-cv-1146-MMH-LLL

FLAGLER COUNTY SHERIFF'S
OFFICE,

    Respondent.

_____

**ORDER**

Petitioner Qwinntavus Kwame Jordan, a detainee at the North Florida Evaluation and Treatment Center, initiated this action on November 5, 2024, 2024,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1). On June 5, 2023, the State of Florida charged Jordan by information with one count of robbery with a firearm. See State v. Jordan, No. 2023-CF-000443 (Fla. 7th Cir. Ct.).[2] Before he could proceed to a trial, on June 24, 2024, the state court judge adjudicated Jordan incompetent and committed him to the custody of the Department of Children and Families for treatment.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] The Court takes judicial notice of Jordan's state court docket. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) (per curiam) (finding the district court properly took judicial notice of petitioner's state court dockets).

See id. Jordan's state court case remains pending while he receives treatment. See id.

Jordan's allegations in the Petition are incomprehensible. However, he appears to allege the following: (1) the Flagler County Sheriff's Office has "unlawfully restrained [him] [] without consent"; (2) the prosecutor and trial judge "committed personage by knowingly misrepresenting a living man . . . as a legal fiction"; (3) the prosecutor, trial judge, and detective brought "false claims and charges based on personage in order to use foreign statutory law against a living man"; and (4) the trial judge entered judgment against "an entity, corporation or fictious entity . . . and falsely imprisoned a living man . . . to commit fraud by 'office of person.'" Petition at 6–7. As relief, he asks the Court to release him and award him damages. Id. at 7.

Insofar as Jordan requests that this Court intervene in his pending state court criminal case, such a request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); Butler v. Ala. Jud. Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing

state courts to try cases already pending in state court free from federal court interference.") (citation omitted).

"In <u>Younger</u>, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." <u>Hughes v. Att'y Gen. of Fla.</u>, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing <u>Younger</u>, 401 U.S. at 45). Jordan has not shown that any of these three exceptions to the abstention doctrine apply in his case. And, to the extent Jordan requests monetary damages for his detention, they are not available in a habeas action. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of January, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 1/30
c: Qwinntavus Kwame Jordan, #325817